UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIA VIVEROS,<br><br>    Plaintiff,<br><br>    vs.<br><br>PATRICK R. DONAHOE,<br>POSTMASTER GENERAL,<br><br>    Defendant. | ) CASE NO. CV 10-08593 MMM (Ex)<br>)<br>)<br>) JUDGMENT FOR PLAINTIFF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

   This action was tried to a jury on May 29 to June 1, 2012.  On June 1, 2012, the jury returned a verdict for plaintiff Elia Viveros on her claim for pregnancy discrimination under Title VII.  The jury awarded Viveros $225,000 in damages for emotional distress.  Viveros' entitlement to the equitable remedies of back and front pay was tried to the court.  On November 30, 2012, the court entered findings of fact and conclusions of law concerning these issues.  Accordingly,

       IT IS ORDERED AND ADJUDGED

   1.   That plaintiff Elia Viveros recover damages of $389,950.82 from defendant Patrick Donahoe, to bear post-judgment interest of 0.16% per year;

   2.   That defendant Patrick Donahoe pay $9,590 in TSP contributions directly to Viveros' account via the Federal Retirement Thrift Investment Board;

3. That Viveros be reinstated as a T-6 Carrier Technician. If such a position is no longer available, Viveros shall be reinstated to a position of a similar nature at the same salary as a T-6 Carrier Technician. Viveros shall be reinstated to the duty installation where she worked prior to her termination. If no positions are available at such installation, Viveros shall be reinstated to a duty installation at or near her prior installation. Upon reinstatement, Viveros shall resume her status as an eligible employee in the reimbursable uniform program and shall be entitled to all uniform allowances payable pursuant to the collective bargaining agreement;

4. That Viveros' seniority rights not in any way be reset or reduced and that they shall be assessed as though Viveros had been working continuously at her prior installation from the date of her termination to the date of her reinstatement;

5. Viveros' reinstatement shall include reinstatement of full retirement benefits and other fringe benefits as though she had not separated from the Postal Service and had worked continuously for the Postal Service from the date of her termination to the date of her reinstatement. Any terms or conditions of employment that are based in whole or in part on duration of service or accrual of time worked, including without limitation, benefit accrual calculations, retirement calculations, and seniority calculations, shall be determined or calculated as though Viveros never separated from the Postal Service and worked continuously for the Postal Service from the date of her termination to the date of her reinstatement;

6. Viveros' base salary upon reinstatement shall be $56,458, corresponding to a City Carrier Grade 2, Step Level "L" pay category; and

7. That the action be, and it hereby is, dismissed.

DATED: November 30, 2012

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

2